**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VANITA HALIBURTON,
     Plaintiff,

     v.

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.

_____/

Case No. 13-10084
HON. TERRENCE G. BERG
HON. CHARLES E. BINDER

## ORDER ADOPTING REPORT AND RECOMMENDATION (Dkt. 16)

This matter is before the court on Magistrate Judge Charles E. Binder's

January 15, 2014 Report and Recommendation (Dkt. 16), recommending that

Defendant's Motion for Summary Judgment (Dkt. 13) be GRANTED, that Plaintiff's

Motion for Summary Judgment (Dkt. 9) be DENIED, and that the findings of the

Commissioner be AFFIRMED.

The law provides that either party may serve and file written objections

"[w]ithin fourteen days after being served with a copy" of the report and

recommendation.  28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d).  Plaintiff timely filed

an objection to the Report and Recommendation (Dkt. 17); Defendant filed a

response to Plaintiff's objection (Dkt. 18).

The district court must make a "de novo determination of those portions of

the report . . . to which objection is made."  28 U.S.C. § 636(b)(1).  "A judge of the

court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge.  The judge may also receive

further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has carefully reviewed Magistrate Judge Binder's Report and Recommendation and Plaintiff's objection thereto. For the reasons set forth below, Plaintiff objection is OVERRULED, and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court.

## I.    STANDARD OF REVIEW

When reviewing a final decision of the Commissioner pursuant to 42 U.S.C. §405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion"); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the

2

decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

## II.    ANALYSIS

Defendant's response to Plaintiff's objection begins by asserting that Plaintiff has failed to state specific objections to Magistrate Judge Binder's Report & Recommendation, noting that "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," and arguing that the Court need not review Plaintiff's insufficient, non-specific objection. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Defendant then cites a recent district court decision, *Brown v. Commissioner of Social Security*, No. 12-10882, 2013 WL 1282027 (E.D. Mich. Mar. 26, 2013) (Drain, J) (collecting cases), wherein Plaintiff's counsel was previously put on notice of the need to file specific objections.

The Court agrees that the general nature of Plaintiff's objection is tantamount to a waiver of the right to appeal; regardless, the Court will endeavor to address the objection.[1]

The Court understands the nature of Plaintiff's objection to be that the ALJ found Plaintiff to be moderately limited in concentration, persistence, or pace ("CPP"),[2] but then failed to properly account for those limitations in her Residual

---

[1]  The Court has elected to address the merits of Plaintiff's general objection in order to avoid the possibility of any undue prejudice to Plaintiff.  Nevertheless, Plaintiff's counsel is cautioned to file only <u>specific</u> objections in future social security appeals.

[2]  "*Concentration, persistence, or pace* refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  20 CFR Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

Functional Capacity ("RFC") assessment.[3]  As noted by Defendant, this is an argument that was raised before Magistrate Judge Binder.  Further, Plaintiff fails to provide the Court with any reasons as to why Magistrate Judge Binder's analysis was incorrect; instead, Plaintiff merely reiterates arguments from her summary judgment briefing.   The Court finds these arguments unavailing.

Prior to making a determination as to Plaintiff's RFC, the ALJ found that Plaintiff was moderately limited in CPP, stating:

> With regard to concentration, persistence or pace, the claimant has moderate difficulties.  The claimant reports she takes Vicodin 5 times a day, which causes drowsiness; although the medical record shows it prescribed to be taken only twice a day.  She claims she has memory problems and has difficulty recalling details of her work history.  It is noted she has not worked since 2004 and her husband passed away in December 2007.  She currently takes Cymbalta and Benadryl, which help her sleep.  She is consistently observed by examining and treating sources to be alert and oriented.  Memory is noted to be intact.  The record documents ongoing suboptimal control of diabetes and chronic musculoskeletal pain symptoms that would reasonably contribute to some limitation in this area of functioning, but not to a disabling degree.

(Dkt. 7, Tr. 28-29).  The ALJ then went on to make the RFC assessment noted in footnote three, *supra*.   Following that assessment, the ALJ summarized the Plaintiff's various symptoms and the objective medical evidence that was presented

---

[3] The "Residual Functional Capacity assessment" is a determination of "the most you can still do despite your limitations," factoring in your "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting."  20 CFR § 416.945.  In assessing the claimant's RFC, the ALJ found that Plaintiff could:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she needs a sit/stand option, at will, provided she is not off task more than 10 percent of the work period; at all times requires the use of a hand held assistive device when walking; no claiming of ladders, ropes or scaffolds, occasional climbing of ramps and stairs; occasional stooping, crouching, kneeling and crawling; must avoid all exposure to moving machinery and unprotected heights; occasional overhead reaching and handling, bilaterally; occasional fingering and feeling, bilaterally; and limited to simple, routine and repetitive tasks.  (Dkt. 7, Tr. 29).

in support of Plaintiff's claimed impairments.  (*See id.*, 29-31).  The ALJ concluded this summation by remarking that she "has limited claimant to sedentary and unskilled work to accommodate all her medical impairments and her subjective allegations to the fullest extent possible.  No greater limitations are warranted." (*Id.* at 31).

The Court has reviewed the administrative record and concludes—as did Magistrate Judge Binder—that based upon that record as a whole, the ALJ's RFC assessment and subsequent hypothetical are supported by substantial evidence. The ALJ considered the evidence presented and developed an RFC which offered a "complete and accurate assessment" of Plaintiff's mental impairments, *Felisky v. Bowen,* 35 F.3d 1027, 1036 (6th Cir. 1994), explicitly designed to "accommodate all her medical impairments and her subjective allegations to the fullest extent possible." (Dkt. 7, Tr. 31).  The ALJ expressly restricted Plaintiff to "sedentary work," with a further limitation of "simple, routine and repetitive tasks." (*Id.* at 29). Without restating the entirety of the Magistrate Judge's analysis on this point, the record simply does not contain sufficient evidence to merit the inclusion of any additional limitations in the RFC.  *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001); *Infantado v. Astrue*, 263 F. App'x 469, 477 (6th Cir. 2008); *Hernandez v. Comm'r of Soc. Sec.*, No. 10-cv-14364, 2011 WL 4407225, at *9, n.5 (E.D. Mich. Aug. 30, 2011) (collecting additional cases).  Thus, the Vocational Expert's testimony, given in response to hypothetical questions based upon that RFC, constitutes substantial evidence sufficient to support the Commissioner's conclusion that

Plaintiff is not disabled.  *See Varley v. Sec'y of HHS,* 820 F.2d 777, 779 (6th Cir. 1987).

### III.   CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED** and Magistrate Judge Binder's Report and Recommendation of January 15, 2014 (Dkt. 16) is **ACCEPTED** and **ADOPTED**.

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 13) is **GRANTED**, Plaintiff's Motion for Summary Judgment (Dkt. 9) is **DENIED**, and the decision of the Commissioner, as authored by Administrative Law Judge Jeanne M. VanderHeide, is **AFFIRMED**.

**SO ORDERED**.

Dated:  March 4, 2014                     s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on March 4, 2014, using the CM/ECF system, which will send notification to all parties.

                                          s/A. Chubb
                                          Case Manager

6